## Mifflintown *versus* Jacobs.

1. Stocks in a corporation are not taxable for borough purposes under the Borough Act of April 3d 1851.

2. " All property " in that act refers to property subject to manual occupation.

3. Goepp *v.* Bethlehem, 4 Casey 249, affirmed.

May 17th 1871, before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ..

Error to the Court of Common Pleas of *Juniata county:* No. 75, to May Term 1871.

This was an amicable action, in which the borough of Mifflintown was plaintiff, and George Jacobs defendant.

[Mifflintown *v.* Jacobs.]

In a case stated, the parties agreed to the following facts: "The borough of Mifflintown was originally incorporated by the legislature on the 6th day of March 1833, and afterwards, by application to the Court of Quarter Sessions of Juniata county, in December 1869, was decreed to be subject to the restrictions and possess the powers and privileges of the General Borough Act of the 3d of April 1851.

"The defendant, George Jacobs, is the owner of a number of shares of the stock in a company incorporated for erecting a bridge over the Juniata river, at the town of Mifflin. The stock of said defendant was duly assessed by the assessor of the borough of Mifflintown for the year 1870, for state and county taxes, at the sum in the aggregate of $1750, and the plaintiff laid an assessment of one-half per cent. on the said sum of $1750, as a borough tax for the repairs of the streets, &c., in said borough for 1870, making a tax of $8.75 on said stock.

"The question for the court is, whether under the provisions of the several tax laws of Pennsylvania bridge stock is taxable for borough purposes or not; if the court should be of opinion that it is, judgment to be entered in favor of the plaintiff for the sum of $8.75; but if the court should be of opinion that it is not so taxable, judgment to be entered in favor of the defendant for costs."

The court (Graham, P. J.) entered judgment for the defendant, which, on the removal of the case to the Supreme Court by the defendant, was assigned for error.

*E. S. Doty*, for plaintiff in error, argued that the defendant was liable for the tax under the following Acts of Assembly, viz.: The Act of 29th April 1844, § 32, Pamph. L. 497, which provides that "all shares or stock in any institution or company, now or hereafter incorporated by or in pursuance of any law of this Commonwealth . . . . . . . . shall be valued and assessed and subject to taxation for the purposes in this act mentioned, and for all state and county purposes whatsoever." The Act of 3d April 1851, § 2 Pamph. L. 322, which enacts that every borough thereunder shall have power to "levy and collect annually for borough purposes any tax not exceeding one half-cent. on the dollar on the valuation assessed for county purposes as now is or may be provided by law; *all property*, offices, professions and persons made taxable by the laws of this Commonwealth for county rates and levies, shall be taxable after the same manner for borough purposes." The Act of April 25th 1850, Pamph. L. 572, which exempted money at interest for borough purposes.

*W. H. Miller*, for defendant in error, cited Goepp *v.* Bethlehem, 4 Cas. 249.

[Mifflintown *v.* Jacobs.]

The opinion of the court was delivered, October 9th 1871, by
WILLIAMS, J.—This case was well decided by the court below
in favor of the defendant on the authority of Goepp *v.* Borough
of Bethlehem, 4 Casey 249.   The question in that case was,
whether, under the taxing power given by the Act of the 3d of
April 1851, Pamph. L. 322, moneys, *stocks* and bonds are taxable for
borough purposes; and it was held that the words " all property,"
in the sentence giving the power of taxation, refer solely to such
an estate or interest as one may have in lands or goods subject to
manual occupation, and consequently that moneys, &c., are not
taxable.   The very question presented by the record in this case
was, therefore, decided in that, though it is true that the liability
of stocks to taxation for borough purposes was not specially dis-
cussed by the judge who delivered the opinion.   But the judg-
ment entered in the case shows that stocks were regarded by the
court as equally exempt from taxation as moneys or bonds.   We
need not repeat the argument in support of the construction given
to the words " all property " as found in the act.   It is sufficient
to say that it must have expressed the legislative intention, and
the will of the people, or the act as thus interpreted, would not
have remained unchanged for so long a period.   The construction
given to it has become fixed and settled, and it is now too late to
attempt to change it.

Judgment affirmed.